# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KERRY MYERS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-4496** |
| **N. BURL CAIN, WARDEN LSP** | **SECTION: "S" (4)** |

## ORDER AND REASONS

The Court, having considered the motion, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, the petitioner's objection to the Magistrate Judge's Report and Recommendation, N. Burl Cain's response, and the parties' supplemental memoranda, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter. Therefore,

**IT IS ORDERED** that Kerry Myers's Motion to Vacate Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) (Doc. # 9) is **DENIED**.

## BACKGROUND

This matter is before the court on the petitioner's motion to reconsider this court's order transferring this habeas corpus proceeding brought under 28 U.S.C. § 2254 to the United States Court of Appeals for th Fifth Circuit for authorization to file a second or successive §2254 proceeding. Petitioner argues that his December 6, 2010, §2254 proceeding was not second or successive under <u>Magwood v. Patterson</u>, 130 S.Ct. 2788 (2010), or that his first petition for a writ of habeas corpus filed on July 27, 2000, was a nullity under the authority of <u>State v. Cordero</u>, 993 So.2d 203, *reh'g denied*, 993 So.2d 1191 (La. 2008).

Petitioner, Kerry Myers, is a state prisoner incarcerated in the state penitentiary at Angola, Louisiana. On October 8, 1987, Myers and a co-defendant, William Fontanille, were indicted by

a grand jury for the second degree murder of Myers' wife, Janet Myers.[1]  From March 26, 1990

through April 5, 1990, Myers and Fontanille were tried together, but with separate finders of fact

because Myers waived his right to trail by jury.  The trial judge found Myers guilty of second degree

murder and sentenced him to life imprisonment on May 3, 1990.

Myers appealed his conviction and sentence to the Louisiana Court of Appeal, Fifth Circuit,

which affirmed the trial court's decision on June 26, 1991.  On November 1, 1991, the Supreme

Court of Louisiana denied Myers' application for writ of certiorari and/or review.  Myers'

conviction and sentence became final on May 18, 1992, when the Supreme Court of the United

States denied his petition for a writ of certiorari.

Myers filed his first application for post-conviction relief in the state trial court on October

27, 1994, and it was denied on February 7, 1995.  Myers sought review of that decision by filing a

pro se writ application for review with the Louisiana Court of Appeal, Fifth Circuit on June 14,

1995.  On July 13, 1995, the appellate court denied the application.  On August 14, 1995, Myers,

through counsel, filed an application for supervisory and/or remedial writs with the Supreme Court

of Louisiana, which was denied on November 17, 1995.

On November 15, 1996, Myers, through counsel, filed a second application for post-

conviction relief in the state trial court.  The court denied relief on November 4, 1997.  Myers did

not appeal that decision.

---

[1] Myers and Fontanille were also charged with criminal conspiracy under Louisiana Revised Statutes
§ 14:26, but those charges were severed from the second degree murder charges.  A complete description of
the facts of the case is contained in State v. Myers, 584 So.2d 242 (La. Ct. App. 1991).

On May 7, 1998, Myers, through counsel, filed a third application for post-conviction relief in the state trial court. The state trial court denied relief on January 25, 1999. On September 21, 1999, Myers filed a writ of mandamus in the Louisiana Court of Appeal, Fifth Circuit. Because the trial court had ruled, the appellate court construed Myers' writ of mandamus as an appeal of the trial court's decision, and denied relief on October 1, 1999. On October 29, 1999, Myers sought review from the Supreme Court of Louisiana, which denied relief on May 26, 2000.

On July 27, 2000, Myers filed his first petition for a writ of habeas corpus pursuant to §2254 in the United States District Court for the Eastern District of Louisiana, Myers v. Cain, Civil Action No. 00-2269, Section D, Judge McNamara. After an evidentiary hearing, the court denied Myers' petition, with prejudice, as untimely. The United States Court of Appeals for the Fifth Circuit affirmed that decision, and the Supreme Court of the United States denied Myers' petition for writ of certiorari.

In 2008, Myers applied for supervisory and/or remedial writs to the Supreme Court of Louisiana seeking to have the Louisiana Court of Appeal, Fifth Circuit, "re-review" his pro se post-conviction petitions because they were not properly reviewed by a three-judge panel of the Louisiana Court of Appeal, Fifth Circuit. The Supreme Court of Louisiana transferred the matter to the Louisiana Court of Appeal, Fifth Circuit, for "re-review" pursuant to its holding in State v. Cordero, 993 So.2d 203, *reh'g denied*, 993 So.2d 1191 (La. 2008).[2] On March 3, 2010, the

_____

[2] In 2008, it came to light that from February 8, 1994 through May 21, 2007, the Louisiana Court of Appeal, Fifth Circuit used an improper procedure for the review and disposition of pro se post-conviction applications. Specifically, a staff attorney prepared orders that were signed by a single judge, and the pro se post-conviction applications did not receive review by a three-judge panel as required by the Constitution of Louisiana. In Cordero, 993 So.2d at 204-05, the Supreme Court of Louisiana addressed the improprieties by directing that writs filed with the Louisiana Court of Appeal, Fifth Circuit during the relevant period be transferred back to that court for reconsideration by a randomly allotted three-judge panel.

Louisiana Court of Appeal, Fifth Circuit issued an opinion denying relief in all of Myers' pro se post-conviction petitions. The Supreme Court of Louisiana denied Myers' subsequent application for supervisory and/or remedial writs on October 29, 2010.

Myers filed this federal petition for a writ of habeas corpus pursuant to §2254 on December 13, 2010. Judge McNamara deemed it to be a second or successive petition, and transferred it to the United States Court of Appeals for the Fifth Circuit for Myers to obtain the federal appellate court's permission to file a second or successive federal petition for a writ of habeas corpus.

On February 2, 2011, Myers, through counsel, filed a Motion for Authorization to File a §2254 Application for a Writ of Habeas Corpus in the United States Court of Appeals for the Fifth Circuit. In his motion, Myers argued that his December 13, 2010, petition for a writ of habeas corpus was not second or successive. First, Myers argues that he had not exhausted his state court remedies when he filed his prior federal petition in 2000, because he did not have a full and fair review in the Louisiana Court of Appeal, Fifth Circuit until 2010 when the three judge panel of that court reviewed all of his pro se filings. Myers also argued that the federal district court's denial of his 2000, §2254 petition as untimely was not an adjudication on the merits, but rather a dismissal on procedural grounds. Alternatively, Myers argued that he was permitted to file a second or successive §2254 petition because he discovered new evidence establishing his innocence that was not previously available.

On April 8, 2011, the United States Court of Appeals for the Fifth Circuit denied Myers' application to file a successive habeas corpus petition, stating that he seeks to attack the same judgment challenged in his original habeas corpus petition. The appellate court stated that it is irrelevant to the determination of successiveness that Myers' claims may not have been exhausted

4

in the state court when he filed the original habeas corpus petition. Also, the United States Court of Appeals for the Fifth Circuit stated that the dismissal of Myers' original habeas corpus petition with prejudice as time barred is considered an adjudication on the merits for the purpose of determining whether a subsequent petition is successive. Further, the court found that Myers failed to make a prima facie showing that the allegedly new evidence could not have been previously discovered through the exercise of due diligence.

Thereafter, Myers filed an application for a writ of certiorari with the Supreme Court of the United States, which was denied. In re Myers, 132 S.Ct. 391 (2011)

On November 28, 2011, Myers filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure seeking reconsideration of the court's order that transferred this matter to the United States Court of Appeals for the Fifth Circuit as a second or successive petition brought under §2254.[3] The motion was construed as another attempt to file a successive §2254 petition, and was transferred to the United States Court of Appeals for the Fifth Circuit. On May 8, 2012, the United States Court of Appeals for the Fifth Circuit opined that the second transfer was unwarranted, and remanded the matter for this court to consider Myers' arguments concerning whether his December 13, 2012, §2254 petition was second or successive in light of Magwood v. Patterson, 130 S.Ct. 2788 (2010).

On June 27, 2012, the United States Magistrate Judge issued a Report and Recommendation in which she recommends denying Myers' Rule 60(b) motion because there was no new intervening state court judgment as there was in Magwood. Myers filed objections arguing that the 2010 decisions in his post-conviction proceedings from the Louisiana Court of Appeal, Fifth Circuit and

---

[3] The case was reassigned to this section upon Judge McNamara's retirement.

the Supreme Court of Louisiana should be considered new intervening state court judgments. Myers also argued that his initial §2254 proceeding in 2000 was premature because the state appellate court had not appropriately reviewed his case and, as a result, he did not exhaust his state court remedies. Cain argued that the judgment pursuant to which Myers is being held has not changed since 1990, and the Louisiana Court of Appeal, Fifth Circuit's March 3, 2010, denial of all of Myers' post-conviction writs and the Supreme Court of Louisiana's October 29, 2010, denial of Myers' application for supervisory and/or remedial writs do not qualify as new judgments.

On August 15, 2012, this court requested that the parties file supplemental memoranda addressing whether the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, statute of limitations was tolled due to the Louisiana Court of Appeal, Fifth Circuit's improper review of Myers' post-conviction proceedings.

In response, Myers re-urged the argument that he made to the United States Court of Appeals for the Fifth Circuit in support of his motion to file a second or successive proceeding under §2254, specifically that his first §2254 proceeding in 2000 was premature because he did not exhaust his state court remedies due to the actions of the Louisiana Court of Appeal, Fifth Circuit. Myers also argued that his writ applications with the Louisiana Court of Appeal, Fifth Circuit remained pending until they were properly reviewed in 2010, resulting in a tolling of the AEDPA statute of limitations.

Cain argued that Myers is not entitled to tolling due to the Louisiana Court of Appeal, Fifth Circuit's actions, and that no judge in the United States District Court for the Eastern District of Louisiana has found that tolling applies under these circumstances.

## ANALYSIS

**A.     Legal Standard**

Rule 60(b) of the Federal Rules of Civil Procedure is available in habeas corpus cases when the motion questions "a defect in the integrity of the federal habeas proceedings," and not the "federal court's resolution of a claim on the merits." Gonzales v. Crosby, 125 S.Ct. 2641, 2648 (2005).  Myers is not challenging a ruling on the merits of his claim.  Rather, Myers is challenging this court's designation of his December 13, 2010, §2254 petition as second or successive and the transfer of that petition to the United States Court of Appeals for the Fifth Circuit.  Thus, Myers' motion is a permissible Rule 60(b) motion in a habeas corpus case.

Rule 60(b) provides several reasons that a court may relieve a party from an order:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, but no more than one year after the judgment or order or the date of the proceeding if the grounds for relief are under reasons (1), (2), or (3). Id. at 60(c)(1).  To obtain relief under Rule 60(b)(6), the movant

7

must "show 'extraordinary circumstances' justifying the reopening of a final judgment," which will "rarely occur in the habeas context." Gonzalez, 125 S.Ct. at 2649 (citations omitted).

In reviewing a Rule 60(b) motion, the court must find a balance between two competing imperatives: (1) finality; and (2) the need to render just decisions on the basis of all the facts. Edward H. Bohlin Co., Inc. v. Banning Co., Inc., 6 F3d. 350, 355-56 (5th Cir. 1993). To do so, the court considers:

> (1) [t]hat final judgments should not lightly be disturbed;
>
> (2) that the Rule 60(b) motion is not to be used as a substitute for appeal;
>
> (3) that the rule should be liberally construed in order to do substantial justice;
>
> (4) whether the motion was made within a reasonable time;
>
> (5) whether – if the judgment was a default or dismissal in which there was no consideration of the merits – the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense;
>
> (6) whether there are any intervening equities that would make it inequitable to grant relief; and
>
> (7) any other factors relevant to the justice of the judgment under attack.

Id.

**B.      Successive §2254 Petitions**

Pursuant to 28 U.S.C. § 2244, district judges are not required to entertain a petition for a writ of habeas corpus brought under §2254 if it appears that the legality of the petitioner's detention was previously determined by a judge or court of the United States. 28 U.S.C. § 2244(a). A petitioner

can overcome the prohibition on second or successive §2254 petitions by establishing that a claim

that was not presented in a prior §2254 petition meets one of the following exceptions:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Id. at § 2244(b)(2)(A), (B). The petitioner must obtain authorization to file a second or successive

§2254 petition from the appropriate court of appeals by making a prima facie showing of the above

listed requirements, before the district court can consider the second or successive §2254 petition

on the merits. Id. at § 2244(3)(A). A second-in-time §2254 petition is not rendered a second or

successive §2254 petition merely because it was filed after an earlier §2254 petition. Propes v.

Quarterman, 573 F.3d 225, 229 (5th Cir. 2009) (citing Crone v. Cockrell, 324 F.3d 833, 836 (5th

Cir. 2003)). "It is successive when it either presents a challenge to the petitioner's conviction or

sentence that could have been presented in an earlier petition can be said to be 'an abuse of the

writ.'" Id. (quoting Crone, 324 F.3d at 836-37).

**C.      Magwood v. Patterson**

Myers argues that his December 13, 2010, § 2254 petition was not second or successive to

his 2000, §2254 petition under the precedent set in Magwood v. Patterson, 130 S.Ct. 2788 (2010).

Myers argues that the 2010 rulings by the Louisiana Court of Appeal, Fifth Circuit and the Supreme

9

Court of Louisiana in his post-conviction proceedings are new state court judgments and that he is challenging them for the first time in his 2010, §2254 petition.

In Magwood, 130 S.Ct. at 2792-93, the petitioner was convicted of murder and sentenced to death. After exhausting his state post-conviction remedies, he filed a federal habeas corpus petition. Id. at 2793. The district court upheld his conviction, but vacated his sentence and conditionally granted the writ. Id. Thereafter, the state trial court held a new sentencing proceeding and imposed the death penalty. Id. Magwood then unsuccessfully sought direct appellate and post-conviction relief in the state courts with respect to the new sentence. Id. at 2793-94.

In 1997, Magwood unsuccessfully sought leave under §2244 from the United States Court of Appeals for the Eleventh Circuit to file a second or successive §2254 habeas corpus petition. Id. at 2794. Magwood simultaneously filed a new §2254 habeas corpus petition in the United States District Court for the Middle District of Alabama. Id. The district court sua sponte considered whether the petition was barred as second or successive, and found that it was not because it challenged a new judgment. Id. Ultimately, the Supreme Court of the United States found that Magwood's new federal habeas corpus petition was not second or successive because it attacked a new state court judgment, which the Court defined as conviction and sentence pursuant to which the petitioner is detained. Id. at 2792, 2796-2803.

Myers argues that the 2010 opinion from the Louisiana Court of Appeal, Fifth Circuit, and the Supreme Court of Louisiana's October 29, 2010, denial of his application for supervisory and/or remedial writs constitute new state court judgments. Thus, Myers contends that his December 13, 2010, §2254 petition is not successive under Magwood.

Myers' argument cannot prevail under the United States Court of Appeals for the Fifth Circuit's interpretation of Magwood. In In re Lampton, 667 F.3d 585, 589 (5th Cir. 2012), the United States Court of Appeals for the Fifth Circuit held that "the rule announced in Magwood applies only when a new sentence was imposed as a result of the first habeas proceeding." Myers' first habeas proceeding was not successful, and he never received a new sentence from the state trial court. Therefore, Myers' December 13, 2010, §2254 is second or successive.

**D.      Exhaustion of State Court Remedies**

Myers also argues that his December 13, 2010, petition for a writ of habeas corpus was not second or successive because he had not exhausted his state court remedies prior to filing his first §2254 petition in 2000. Myers contends that exhaustion did not occur because he did not have a full and fair review in the Louisiana Court of Appeal, Fifth Circuit until 2010 when that court reviewed all of his pro se filings.

Myers raised this same argument in his Motion for Authorization to File a §2254 Application for a Writ of Habeas Corpus in the United States Court of Appeals for the Fifth Circuit. The United States Court of Appeals for the Fifth Circuit stated that: "[t]he fact that Myers's claims may have been unexhausted when he filed his original §2254 application does not render his proposed §2254 application non-successive." In re: Kerry Myers, Case #11-30001, (5th Cir. 4/7/2011) (citing Propes, 573 F.3d at 229; Crone, 324 F.3d at 836-38) (petitioner required to join all potential claims in first §2254 petition regardless of whether the claims are exhausted in the state court at the time the initial federal petition for habeas relief is filed).

Because the United States Court of Appeals for the Fifth Circuit has already considered and rejected Myers' exhaustion argument in this case, that argument cannot prevail here.

11

**E.     Tolling**

Myers argues that his December 13, 2010, §2254 petition was not second or successive because his first §2254 petition was timely due to the improprieties that occurred in the Louisiana Court of Appeal, Fifth Circuit.  He argues that his pro se writ applications with the Louisiana Court of Appeal, Fifth Circuit remained pending until they were properly reviewed in 2010, resulting in a tolling of the AEDPA statute of limitations.  Therefore, he argues that his first §2254 petition, which was denied as untimely, was a nullity.

Under 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, a petitioner is generally required to bring his federal habeas corpus claims pursuant to §2254 within one year of the date his conviction became final. 28 U.S.C. § 2244(d)(1).  However, the United States Court of Appeals for the Fifth Circuit has held that a "grace period" applies when a petitioner's conviction became final prior to the enactment of the AEDPA in 1996, and that the one-year statute of limitations began to run in such cases on the AEDPA's effective date, April 24, 1996. Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998).

Myers' state court conviction became final on May 18, 1992, when the Supreme Court of the United States denied his petition for a writ of certiorari.  Because Myers' conviction became final before the enactment of the AEDPA, his one-year statute of limitations began to run on April 24, 1996.  Accordingly, Myers had until April 24, 1997, to file a federal application for habeas corpus relief, unless that date was extended through tolling.

Section 2244(d)(2) provides that the AEDPA's one-year statute of limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

12

In reviewing the timeliness of Myers' first §2254 petition filed in 2000, the district court considered only events that occurred after April 24, 1996. The court found that, 204 days of the one-year statute of limitations expired between April 24, 1996, and November 15, 1996, when Myers filed his second post-conviction application with the state trial court. The state trial court denied Myers' second post-conviction application on November 4, 1997, and he did not appeal that decision. Myers' filed his third application for post-conviction relief in the state trial court on May 7, 1998, allowing an additional 182 days of the statute of limitations period to expire between November 4, 1997 and May 7, 1998. The court found that Myers' AEDPA statute of limitations expired on April 15, 1998, 22 days before he filed his third post-conviction application in the state trial court, and that his 2000 federal §2254 petition was untimely because no basis for equitable tolling applied.

Myers argues that this analysis is flawed because of the improprieties in the Louisiana Court of Appeal, Fifth Circuit's review of pro se post-conviction applications from February 8, 1994 through May 21, 1997, that were revealed in 2008. Myers argues that all of his post-conviction proceedings in the Louisiana Court of Appeal, Fifth Circuit, including the first one that was filed on October 27, 1994, remained pending until 2010 when that court properly reviewed them with a three-judge panel. Thus, Myers contends that his AEDPA statute of limitations was statutorily tolled until 2010.

Myers' arguments contest whether his first §2254 petition filed in 2000 was properly denied as untimely. However, Myers' arguments regarding the disposition of his first §2254 petition do not impact whether his December 13, 2010, §2254 petition is second or successive. As the United States Court of Appeals for the Fifth Circuit stated in denying Myers' Motion for Authorization to

File a §2254 Application for a Writ of Habeas Corpus, a dismissal of a §2254 petition with prejudice as time barred is considered an adjudication on the merits for the purposes of determining whether a subsequent application is successive. In re: Kerry Myers, Case #11-30001, (5th Cir. 4/7/2011) (citing Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc., 870 F.2d 1044, 1045-46 (5th Cir. 1989)). Thus, Myers' December 13, 2010, §2254 is second or successive regardless of whether such tolling would apply, and this court does not have jurisdiction to consider it until the United States Court of Appeals for the Fifth Circuit grants him leave to file a second or success federal habeas corpus petition. See 28 U.S.C. § 2244(b).

**CONCLUSION**

IT IS ORDERED that Kerry Myers's Motion to Vacate Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) (Doc. # 9) is **DENIED**.

New Orleans, Louisiana, this ___6th___ day of November, 2012.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**
